**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ABDULRAHMAN CHERRI, *et al.*,      )
                                   )
            Plaintiffs,            )  Case No. 2:12-cv-11656
                                   )  District Judge: AVERN COHN
            v.                     )  Magistrate Judge: LAURIE J. MICHAELSON
                                   )
ROBERT S. MUELLER III,             )
Director, Federal Bureau of Investigation, *et al.*, )
                                   )
                                   )
            Defendants.            )
                                   )

**MOTION TO DISMISS**
**BY DEFENDANTS ROBERT B. THOMPSON & JEFF SOKOLOWSKI**

Defendants Robert B. Thompson and Jeff Sokolowski, in their individual capacities, by

and through their undersigned attorneys, move this Court for entry of an order dismissing the

complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P.

12(b)(6). The complaint fails to state a claim upon which relief can be granted because (1) the

individual defendants are entitled to qualified immunity on the constitutional claims; (2) the

individual defendants are entitled to qualified immunity on the claims under the Religious

Freedom Restoration Act; and (3) the Religious Freedom Restoration Act does not create a

damages claim against individuals. The grounds for this motion are set forth with more

specificity in the attached supporting brief.

Pursuant to E.D. Mich. L.R. 7.1, the undersigned contacted counsel for Plaintiff by e-mail

on August 12, 2012 and explained the nature and legal basis of the motion and requested

concurrence in this motion. Plaintiffs' counsel did not concur, thus necessitating the filing of this

motion.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director, Torts Branch

ANDREA W. McCARTHY
Senior Trial Counsel

/s/ *Brant S. Levine*
BRANT S. LEVINE (D.C. Bar 472970)
Trial Attorney

United States Department of Justice, Civil Division
Constitutional Torts Staff
P.O. Box 7146, Ben Franklin Station
Washington, D.C.  20044
Email: brant.levine@usdoj.gov
Tel:     (202) 616-4373
Fax:     (202) 616-4314

*Counsel for Defendants Robert B. Thompson and*
*Jeff Sokolowski in their individual capacities*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABDULRAHMAN CHERRI, *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Case No. 2:12-cv-11656 |
| | ) District Judge: AVERN COHN |
| v. | ) Magistrate Judge: LAURIE J. MICHAELSON |
| | ) |
| ROBERT S. MUELLER III, | ) |
| Director, Federal Bureau of Investigation, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANTS ROBERT B. THOMPSON & JEFF SOKOLOWSKI**

## ISSUES PRESENTED

1. Plaintiffs seek damages from two FBI agents whose sole involvement in the case was that they asked one plaintiff questions about his religion during an interview. Qualified immunity protects government employees from damages claims when their conduct violates no clearly established right. Are the agents immune from Plaintiffs' claims because they did not question some plaintiffs at all and because asking questions about a person's religion does not violate any clearly established right?

2. The Religious Freedom Restoration Act (RFRA) authorizes claims for "appropriate relief against a government." Have Plaintiffs failed to state a damages claim against the agents under RFRA because "appropriate relief against a government" does not include claims for damages against individual employees?

# CONTROLLING AUTHORITIES

Cases

*Alexander v. Sandoval,*
    532 U.S. 275 (2001) ...................................................................................... 14

*Anderson v. Creighton,*
    483 U.S. 635 (1987) ............................................................................... 2, 6, 14

*Ashcroft v. al-Kidd,*
    131 S. Ct. 2074 (2011) ......................................................................... passim

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................. passim

*Atuahene v. City of Hartford,*
    10 F. App'x 33 (2d Cir.2001) ........................................................................ 5

*Barhite v. Caruso,*
    377 F. App'x 508 (6th Cir. 2010) ................................................................. 7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................. 3, 8

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
    403 U.S. 388 (1971) ...................................................................................... 1

*Bloch v. Samuels,*
    No. 04cv4861, 2006 WL 2239016 (S.D. Tex. Aug. 3, 2006) .................................... 10

*Bush v. Lucas,*
    462 U.S. 367 (1983) .................................................................................... 15

*Church of God, Inc.,*
    227 F.3d 1110 (9th Cir. 2000) ..................................................................... 8

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983) ....................................................................................... 2

*Clark v. Martinez,*
    543 U.S. 371 (2005) ............................................................................. 12, 13

*Clemente v. Vaslo,*
  679 F.3d 482 (6th Cir. 2012) ................................................................................. 7

*Colvin v. Caruso,*
  605 F.3d 282 (6th Cir. 2010) ............................................................................... 12

*Corp. of Seventh-Day Adventists v. McGill,*
  617 F.3d 402 (6th Cir. 2010) .......................................................................... 7, 10

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano,*
  648 F.3d 365 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 (2012) ..................... 3, 6

*Dolan v. U.S. Postal Serv.,*
  546 U.S. 481 (2006) ............................................................................................ 11

*Dole v. Steelworkers,*
  494 U.S. 26 (1990) .............................................................................................. 11

*Employment Division v. Smith,*
  494 U.S. 872 (1990) ............................................................................................ 14

*Feit v. Ward,*
  886 F.2d 848 (7th Cir. 1989) ................................................................................. 2

*Frank v. Relin,*
  1 F.3d 1317 (2d Cir. 1993) .................................................................................... 2

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,*
  546 U.S. 418 (2006) .............................................................................................. 7

*Harlow v. Fitzgerald,*
  457 U.S. 800 (1982) .............................................................................................. 2

*Heyne v. Metro. Nashville Pub. Sch.,*
  655 F.3d 556 (6th Cir. 2011) ................................................................................. 4

*Jarecki v. G.D. Searle & Co.,*
  367 U.S. 303 (1961) ............................................................................................ 11

*Kaemmerling v. Lappin,*
  553 F.3d 669 (D.C. Cir. 2008) ............................................................................... 8

*Kentucky v. Graham,*
  473 U.S. 159 (1985) ............................................................................................ 10

*Kirby v. City of Elizabeth*,
   388 F.3d 440 n.10 (4th Cir. 2004) ........................................................... 2

*Lanman v. Hinson*,
   529 F.3d 673 (6th Cir. 2008) ................................................................... 4

*Living Water Church of God v. Charter Twp. of Meridian*,
   258 F. App'x 729 (6th Cir. 2007) ........................................................... 8

*Malley v. Briggs*,
   475 U.S. 335 (1986) ................................................................................ 3

*Marcilis v. Twp. of Redford*,
   __F.3d __, No. 11-1073, 2012 WL 3854793 (6th Cir. Sept. 6, 2012) ......... 4

*Messerschmidt v. Millender*,
   132 S. Ct. 1235 (2012) ........................................................................... 2

*Minneci v. Pollard*,
   132 S. Ct. 617 (2012) ............................................................................. 1

*Nelson v. Miller*,
   570 F.3d 868 (7th Cir. 2009) ................................................................. 12

*Northcross v. Bd. of Ed.*,
   412 U.S. 427 (1973) .............................................................................. 13

*Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*,
   676 F.3d 829 (9th Cir. 2012) ................................................................. 12

*Patel v. U.S. Bureau of Prisons*,
   515 F.3d 807 (8th Cir. 2008) ................................................................... 8

*Pearson v. Callahan*,
   555 U.S. 223 (2009) ................................................................................ 3

*Reichle v. Howards*,
   132 S. Ct. 2088 n.4 (2012) ..................................................................... 5

*Reilly v. Vadlamudi*,
   680 F.3d 617 (6th Cir. 2012) ............................................................... 3, 4

*Rendelman v. Rouse*,
   569 F.3d 182 (4th Cir. 2009) ................................................................. 12

iv

*Reno v. Bossier Parish Sch. Bd.*,
   528 U.S. 320 (2000) ......................................................................................... 12

*Scott v. Flowers*,
   910 F.2d 201 n.25 (5th Cir. 1990) ...................................................................... 2

*Sharp v. Johnson*,
   669 F.3d 144 (3d Cir. 2012),

   *cert. denied*, No. 11-1357, 2012 WL 1657210 (U.S. June 25, 2012) ............... 12, 13

*Shepard v. NLRB*,
   459 U.S. 344 (1983) ......................................................................................... 15

*Sherbert v. Verner*,
   374 U.S. 398 (1963) ......................................................................................... 14

*Smith v. Allen*,
   502 F.3d 1255 (11th Cir. 2007),

   abrogated *on other grounds*, *Sossamon v. Texas*, 131 S. Ct. 1651 (2011) ............... 12

*Sossamon v. Texas*,
   131 S. Ct. 1651 (2011) ............................................................................... 11, 12, 13

*Sossamon v. Texas*,
   560 F.3d 316 (5th Cir. 2009), *aff'd on other grounds*, 131 S. Ct. 1651 (2011) ....... 12

*Stafford v. Briggs*,
   444 U.S. 527 (1980) ......................................................................................... 14

*Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*,
   537 U.S. 371 (2003) ......................................................................................... 11

*Webman v. Fed. Bureau of Prisons*,
   441 F.3d 1022 (D.C. Cir. 2006) ........................................................................ 12

*Weinberger v. Grimes*,
   No. 07-6461, 2009 WL 331632 (6th Cir. Feb. 10, 2009) ......................................... 9

*Wilkie v. Robbins*,
   551 U.S. 537 (2007) ......................................................................................... 14

*Wisconsin v. Yoder*,
   406 U.S. 205 (1972) ............................................................................... 14

*Wolfe v. Strankman*,
   392 F.3d 358 n.2 (9th Cir. 2004) ............................................................. 2

Statutes

42 U.S.C. § 2000bb ............................................................................... 1, 14

42 U.S.C. § 2000bb-1 ............................................................................. 7, 10

42 U.S.C. § 2000bb-2 ............................................................................. 10

42 U.S.C. §§ 2000cc to 2000cc-5 .......................................................... 12

Rules

Fed. R. Civ. P. 4 ...................................................................................... 10

# TABLE OF CONTENTS

ISSUES PRESENTED..................................................................................................i

CONTROLLING AUTHORITIES....................................................................ii

TABLE OF CONTENTS ...................................................................................vii

INTRODUCTION..............................................................................................1

DISCUSSION ....................................................................................................2

    I.    QUALIFIED IMMUNITY PROTECTS AGENTS THOMPSON AND
        SOKOLOWSKI FROM PLAINTIFFS' CLAIMS.........................................................2

        A.    Plaintiffs have not alleged any conduct by Agents Thompson and Sokolowski that
        violated any clearly established First or Fifth Amendment right. ................................. 5

        B.    Plaintiffs have not alleged any conduct by Agents Thompson and Sokolowski that
        violated any clearly established right under RFRA........................................................ 7

    II.  RFRA DOES NOT AUTHORIZE CLAIMS AGAINST INDIVIDUAL FEDERAL
        EMPLOYEES..............................................................................................................9

        A.    RFRA's text indicates that Congress did not authorize damages claims against
        individual employees. ................................................................................................. 10

        B.    Consistency in interpreting the text of RFRA and related statutes forecloses
        reading RFRA to authorize damages claims against individuals. ................................. 12

        C.    RFRA's statutory history does not suggest that Congress intended to authorize
        damages claims against individuals............................................................................. 14

CONCLUSION .................................................................................................. 15

## INTRODUCTION

In their complaint, Plaintiffs generally allege that they have been subjected to mistreatment when they reenter the United States after foreign travel. Although Plaintiffs have sued several government officials and agencies, this motion pertains only to Defendants Robert Thompson and Jeff Sokolowski, who are special agents for the Federal Bureau of Investigation. *See* Compl. ¶¶ 6-7. Agents Thompson and Sokolowski are the only named defendants personally sued for damages in this case. The complaint contains only one sentence that alleges specific conduct by them: "On or about May, 2011, [Plaintiff] Cherri was also asked substantially similar questions pertaining to his religion and religious practices by two FBI Agents, Defendants Agent Robert B. Thompson and Agent Jeff Sokolowski, at his home." *Id.* ¶ 20. Neither Cherri nor any other plaintiff alleges that Agents Thompson and Sokolowski had any involvement with any of the alleged border incidents or policies that form the heart of the complaint.

Based on the lone factual allegation that Agents Thompson and Sokolowski questioned one of the plaintiffs at his home about his religion, all plaintiffs seek to recover from the agents' personal assets. They attempt to do so under three legal theories. First, Plaintiffs assert a claim directly under the First Amendment. *See* Compl. ¶¶ 51-57. This sort of damages claim directly under the Constitution is usually called a "*Bivens* action" after *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Minneci v. Pollard*, 132 S. Ct. 617, 620 (2012). Second, Plaintiffs seek damages directly under the equal protection component of the Fifth Amendment, also evidently on a *Bivens* theory. *See* Compl. ¶¶ 58-61. Third, Plaintiffs seek damages under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb to bb-4. As detailed below, and as further explained in the Brief in Support of the

Motion to Dismiss by the Official Capacity Defendants, Section II.B, incorporated here by reference, Plaintiffs' complaint falls far short of stating a claim on any of these theories.[1]

### DISCUSSION

## I.   QUALIFIED IMMUNITY PROTECTS AGENTS THOMPSON AND SOKOLOWSKI FROM PLAINTIFFS' CLAIMS.

Plaintiffs are attempting to sue Agents Thompson and Sokolowski in their individual capacities for purported constitutional and statutory violations. Individual-capacity claims against government employees "can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). To guard against these costs, the Supreme Court has granted government officials a qualified immunity that protects them "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This immunity "'gives government officials breathing room to make reasonable but mistaken judgments.'" *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 (2012) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011)). Its protection is

---

[1] Plaintiffs also seek a "declaratory judgment" and an "injunction" from unspecified "Defendants." *See* Compl. at 12. These declaratory and injunctive claims aim to affect alleged government "policies" and "practices" and therefore appear to be directed at the government itself, rather than Agents Thompson and Sokolowski as individuals. *See id.* at 9-12. To the extent Plaintiffs seek to pursue declaratory or injunctive claims against Agents Thompson and Sokolowski, those claims must be dismissed as to Agents Thompson and Sokolowski. Declarations and injunctions designed to affect the conduct of a government entity are available only in a suit against the government itself, that is, an official-capacity suit. *See Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004); *Kirby v. City of Elizabeth*, 388 F.3d 440, 452 n.10 (4th Cir. 2004); *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993); *Scott v. Flowers*, 910 F.2d 201, 213 n.25 (5th Cir. 1990); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989). Moreover, Plaintiffs have failed to allege that they face any real and immediate threat of future injury from Agents Thompson and Sokolowski, which is required in order to obtain an injunction. *See generally City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02, 105-08, 111 (1983).

"ample" and shields "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The burden rests on Plaintiffs to show that the agents are not entitled to immunity. *See Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). To carry this burden, a plaintiff must "plead[] facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *al-Kidd*, 131 S. Ct. at 2080. This Court may address either requirement first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Supreme Court's instruction that a plaintiff seeking to overcome immunity must "plead[] facts," *al-Kidd*, 131 S. Ct. at 2080, is critical. A court considering the sufficiency of a complaint begins "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 372 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 (2012). The court should not give any presumption of truth to "mere conclusory statements," or "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements.'" *Iqbal*, 556 U.S. at 681 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted, emphasis added). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*(citation and internal quotation marks omitted). Accordingly, the series of legal conclusions that makes up the bulk of Plaintiffs' complaint, *see, e.g.*, Compl. ¶¶ 52-57, 60-61, 63-68, does not serve to state any sort of

claim against the agents or to carry Plaintiffs' burden of showing that the agents are not entitled to immunity.

Equally critical is the Supreme Court's instruction that a plaintiff must show that "*the official* violated a statutory or constitutional right," *al-Kidd*, 131 S. Ct. at 2080 (emphasis added). To pursue a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's *own individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). Therefore, "qualified immunity must be assessed in the context of each individual's specific conduct." *Reilly*, 680 F.3d at 624. A plaintiff "cannot ascribe the acts of all Individual Defendants to each individual defendant." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011). Rather, "'damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" *Id.* (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

As the Sixth Circuit recently held, a *Bivens* complaint should be dismissed if it contains only general references "defendants" without specifying who performed the allegedly unconstitutional acts. *See Marcilis v. Twp. of Redford*, __F.3d __, No. 11-1073, 2012 WL 3854793 *3 (6th Cir. Sept. 6, 2012). *Marcilis* affirmed the dismissal of *Bivens* claims against federal law enforcement officers identified only by their positions, citing among other cases a Second Circuit decision that similarly held that scattershot references to "defendants" cannot overcome qualified immunity: "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [the] minimum standard." *Id.* (quoting *Atuahene v. City of Hartford,* 10 F. App'x 33, 34 (2d

Cir.2001)). Therefore, Plaintiffs' claims against Agents Thompson and Sokolowski must stand or fall based on the factual allegations made specifically against each agent.

As noted previously, the complaint contains only one factual allegation pertaining specifically to conduct by Agents Thompson and Sokolowski: that these agents visited Plaintiff Cherri's home on one occasion and asked him questions about his religion. Compl. ¶ 20. Especially considering that Plaintiff Cherri does not allege that Agents Thompson and Sokolowski detained him, that they entered his home without permission, or that their discussion with him was anything other than consensual, this single factual allegation does not come close to supporting the claims Plaintiffs have brought against these two agents.

### A.  Plaintiffs have not alleged any conduct by Agents Thompson and Sokolowski that violated any clearly established First or Fifth Amendment right.

Plaintiffs' first two claims against Agents Thompson and Sokolowski seek damages for alleged violations of their First and Fifth Amendment rights. *See* Compl. ¶¶ 51-61.[2] In their First Amendment claim, Plaintiffs invoke the Free Exercise Clause and assert discrimination or retaliation based on their religious beliefs. *See id.* ¶¶ 52-57. In their Fifth Amendment claim, Plaintiffs invoke the equal protection component of the Due Process Clause and assert that they have been treated differently from persons of other religions. *See id.* ¶¶ 59-61. Plaintiffs' lone factual allegation about Agents Thompson and Sokolowski— that they questioned one Plaintiff about his religion on one occasion— cannot support such claims.

To support a First or Fifth Amendment claim, a plaintiff "must plead and prove that the defendant acted with discriminatory purpose." *Iqbal*, 556 U.S. at 676. Plaintiffs offer no factual

---

[2] The Supreme Court has "never held that *Bivens* extends to First Amendment claims," *Reichle v. Howards*, 132 S. Ct. 2088, 2093 n.4 (2012), and Agents Thompson and Sokolowski do not concede that it does. But the Court need not address this issue, as courts may dispose of claims on qualified immunity grounds while reserving the question of whether a cause of action is even available.  *See, e.g.*, *id.*; *Iqbal*, 556 U.S. at 675.

allegations that, if proven, would show that Agents Thompson and Sokolowski acted with a discriminatory purpose. Plaintiffs do state that unspecified "Defendants' motive in targeting Plaintiffs for a specific line of religious questioning at the border is both discriminatory and retaliatory." Compl. ¶ 57. But this conclusory allegation of motive cannot substitute for factual allegations. *See Iqbal*, 556 U.S. at 680-81 (allegations that officials subjected detainee to harsh conditions "solely on account of [his] religion, race, and/or national origin and for no legitimate or penological interest" were "conclusory and not entitled to be assumed true"); *Ctr. for Bio-Ethical Reform*, 648 F.3d at 377 ("unadorned allegations concerning Defendants' intent and motivation" insufficient). And in any event, the allegation does not even appear to be directed at Agents Thompson and Sokolowski, who are not alleged to have engaged in any "questioning at the border" at all.

Not only does the Complaint lack any factual allegation that could support a plausible inference of intent, but Plaintiffs cannot explain how the single factual allegation they do make about Agents Thompson and Sokolowski could support a finding that the agents violated clearly established law. A right is clearly established when "at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *al-Kidd*, 131 S. Ct. at 2083 (quoting *Anderson*, 483 U.S. at 640) (alterations in *al-Kidd*). Although "a case directly on point" is not required to clearly establish a right, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 2083. "The case law must dictate, that is, truly compel (not just suggest or raise a question about) the conclusion for every like-situated, reasonable government agent that what [the] defendant is doing violates federal law *in the*

*circumstances*." *Clemente v. Vaslo*, 679 F.3d 482, 490 (6th Cir. 2012) (internal quotation marks omitted).

Plaintiffs cannot identify any existing case law that would compel the conclusion that the agents violated Plaintiff Cherri's constitutional rights simply by asking him questions about his religion. Even further afield is the suggestion that the agents violated the clearly established rights of the other plaintiffs with whom they had absolutely no contact. Therefore, the agents are immune from Plaintiffs' constitutional claims.

### B. Plaintiffs have not alleged any conduct by Agents Thompson and Sokolowski that violated any clearly established right under RFRA.

Plaintiffs also claim damages from the agents under RFRA. *See* Compl. ¶ 68. RFRA applies when the federal government has "substantially burden[ed]" an "exercise of religion" without demonstrating that the burden is the "least restrictive means" of furthering a "compelling governmental interest." 42 U.S.C. § 2000bb-1(a), (b); *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 423 (2006). For a plaintiff to assert a claim under RFRA, therefore, he must show that a government action "substantially burden[s]" his exercise of a sincerely held religious belief. *See Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010). Plaintiffs' factual allegations do not remotely establish any conduct by the agents that would meet this standard.

A government action "substantially burdens" religious exercise when the action "force[s] an individual to choose between following the precepts of her religion and forfeiting benefits" or "place[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (internal quotation marks omitted). "[T]he 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of*

*Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007).[3] "An inconsequential or *de minimis* burden on religious practice does not rise to this level, nor does a burden on activity unimportant to the adherent's religious scheme." *Kaemmerling v. Lappin*, 553 F.3d 669, 678 (D.C. Cir. 2008); *accord Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1121 (9th Cir. 2000) ("A substantial burden must be more than an inconvenience." (internal quotation marks omitted)).

The Complaint, however, does not include any factual allegations that would suggest that any action by Agent Thompson or Agent Sokolowski substantially burdened any Plaintiff's religious practice. The Complaint recites that the "targeting and detaining [of] Plaintiffs" by unspecified "Defendants" have "substantially . . . burden[ed] Plaintiffs' religious exercise of Islam." Compl. ¶ 63. And the Complaint refers, without elaboration, to "a chilling effect on Plaintiffs' . . . right to free exercise." *Id.* ¶ 67. As explained above, however, a complaint must include more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 677-78 (quoting *Bell Atl.*, 550 U.S. at 555). Plaintiffs' bare assertion of a substantial burden without identifying any religious belief or behavior that the agents pressured him to violate is not enough to allege a "substantial burden." *See Kaemmerling*, 553 F.3d at 679.

Nor do the Complaint's factual allegations suggest that either of the agents' conduct violated a right under RFRA that was clearly established. To be clearly established, the contours of a statutory right must be sufficiently clear that "every reasonable official would have understood that what he [was] doing violate[d] that right." *al-Kidd*, 131 S. Ct. at 2083 (internal

---

[3] *Barhite* and *Living Water* involved claims under the RFRA's successor statute, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, but "the same definition of 'substantial burden' applies under the Free Exercise Clause, RFRA, and RLUIPA," *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813-14 (8th Cir. 2008).

quotation marks omitted). The single factual allegation directed at these agents is that they visited Plaintiff Cherri's home and asked questions about his religious practice. *See* Compl. ¶ 20. The Complaint is devoid of any suggestion that this questioning was anything but consensual. *See id.* And, of course, the Complaint is devoid of any allegation that Agents Thompson or Sokolowski directed any questions at any Plaintiff other than Cherri or that the other Plaintiffs ever knew about the questions posed to Cherri.

Because no reasonable official could easily have understood that asking questions about a person's religion imposed the sort of "substantial burden" that triggers RFRA, no statutory right against such questioning was clearly established. *See Weinberger v. Grimes*, No. 07-6461, 2009 WL 331632, at *5-7 (6th Cir. Feb. 10, 2009) (invoking qualified immunity to dispose of RFRA damages claims against individuals.). And in any event, as detailed in the next section, there is no clearly established law that RFRA even allows damages suits against individuals. Consequently, the agents are entitled to qualified immunity.

## II. RFRA DOES NOT AUTHORIZE CLAIMS AGAINST INDIVIDUAL FEDERAL EMPLOYEES.

As the Supreme Court demonstrated in *Ashcroft v. Iqbal*, a court can dispose of claims based on qualified immunity without accepting that a cause of action to pursue damages exists. *See* 556 U.S. at 675. In this case, as explained above, the Court can likewise dispose of all claims against Agents Thompson and Sokolowski based on qualified immunity grounds. But Plaintiffs' claims fail for another reason as well: RFRA does not even allow claims against individual federal employees. Rather, RFRA provides that "[a] person whose religious exercise has been burdened in violation of [its provisions] may assert that violation as a claim or defense in a judicial proceeding and obtain *appropriate relief against a government*." 42 U.S.C. § 2000bb-

1(c) (emphasis added). As detailed below, this provision for "appropriate relief against a government" does not authorize damages suits against individual employees.

### A.      RFRA's text indicates that Congress did not authorize damages claims against individual employees.

The phrase "appropriate relief against a government" suggests that claims may be pursued against a government entity, not an individual employee. *See Bloch v. Samuels*, No. 04cv4861, 2006 WL 2239016, at *7 (S.D. Tex. Aug. 3, 2006). As the Sixth Circuit explained in holding that RFRA does not apply in suits by private parties seeking to enforce federal laws against other private parties, "[t]he text of the statute makes quite clear that Congress intended RFRA to apply only to suits in which the government is a party." *Gen. Conference Corp.*, 617 F.3d at 410.

RFRA's definition of "government," 42 U.S.C. § 2000bb-2(1), is consistent with this commonsense reading. RFRA defines "government" to include "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or of a covered entity," 42 U.S.C. § 2000bb-2(1). In this definition, the phrase "official (or other person acting under color of law" evokes the familiar distinction between two types of suits against government employees: official-capacity suits and individual-capacity. *See generally Kentucky v. Graham*, 473 U.S. 159, 165 (1985); Fed. R. Civ. P. 4(i)(2), (3). When a plaintiff sues an employee in her "official" capacity, the claims are nominally against an employee but in reality run against the government itself. *See Graham*, 473 U.S. at 165. In contrast, when a plaintiff sues an employee in her "individual" capacity, the claims are against the employee's own assets. The term "official," therefore, refers to an official-capacity claim—a claim that, consistent with RFRA's text, would seek "relief against a government," 42 U.S.C. § 2000bb-1(c).

Likewise, traditional canons of statutory interpretation confirm that "other person acting under color of law" should also be read to reach only suits against the government itself. When, as in this case, a list of specific terms ends with a reference to "other" such items, courts commonly use interpretive canons to limit the list's scope. *See, e.g.*, *Sossamon v. Texas*, 131 S. Ct. 1651, 1662 (2011) (using canons to interpret phrase "other Federal statute prohibiting discrimination"); *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 384 (2003) (using canons to limit scope of phrase "other legal process"). Under the canon *noscitur a sociis* ("known by its associates"), "words grouped in a list should be given related meaning." *Dole v. Steelworkers*, 494 U.S. 26, 36 (1990) (internal quotation marks omitted). This canon is "'often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress.'" *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486-87 (2006) (quoting *Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307 (1961)). And under the canon *ejusdem generis* ("of the same class"), a residual "other" clause is "construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Sossamon*, 131 S. Ct. at 1662.

As applied to the phrase "branch, department, agency, instrumentality, and official (or other person acting under color of law)," these canons show that RFRA's definition of "government" does not reach individual employees. All of the terms preceding the reference to "other person"—"branch," "department," "agency," "instrumentality," and "official"— refer to the government itself. Therefore, "other person" should be read, in concert with the preceding terms, to authorize only official-capacity suits, that is, suits nominally against a "person" but in actuality against a government.

11

**B.    Consistency in interpreting the text of RFRA and related statutes forecloses reading RFRA to authorize damages claims against individuals.**

Courts have also interpreted the phrase "appropriate relief against a government" to exclude damages claims. The phrase does not, for instance, authorize claims under RFRA for money damages against the federal government itself because it does not unambiguously waive sovereign immunity. *See Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840-41 (9th Cir. 2012); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025-26 (D.C. Cir. 2006). Nor does an identical phrase in RFRA's successor statute, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, authorize damages claims. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). In *Sossamon v. Texas*,  the Supreme Court interpreted RLUIPA's authorization of "appropriate relief against a government" to exclude damages claims against the federal government. 131 S. Ct. at 1659-60. And the courts of appeals have uniformly ruled that "appropriate relief against a government" does not include damages claims against individual defendants either. *See Colvin*, 605 F.3d at 289; *accord Sharp v. Johnson*, 669 F.3d 144, 153-55 (3d Cir. 2012), *cert. denied,* No. 11-1357, 2012 WL 1657210 (U.S. June 25, 2012); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009), *aff'd on other grounds*, 131 S. Ct. 1651; *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007), *abrogated on other grounds*, *Sossamon*, 131 S. Ct. 1651.

The same words in the same statutory provision cannot have different meanings in different factual contexts. *See Clark v. Martinez*, 543 U.S. 371, 378 (2005) ("To give these same words a different meaning for each category would be to invent a statute rather than interpret one."); *Reno v. Bossier Parish Sch. Bd.*, 528 U.S. 320, 329-30 (2000) ("As we have in the past, we refuse to adopt a construction that would attribute different meanings to the same phrase in

the same sentence, depending on which object it is modifying"). And when Congress uses similar language in statutes with a similar purpose, that language should be interpreted consistently. *See Northcross v. Bd. of Ed.*, 412 U.S. 427, 428 (1973). Because courts have already construed the phrase "appropriate relief against a government" to exclude damages claims in both RFRA and its successor statute, RLUIPA, that phrase should not be given a new and inconsistent meaning for one class of defendants. Indeed, to construe "appropriate relief against a government" to allow damages claims against individual federal employees would make them the *only* class of defendants subject to damages suits under RFRA.

Granted, the cases interpreting this phrase in other contexts have turned on interpretive considerations not present here, such as the need to interpret statutes to avoid waivers of sovereign immunity where possible, *see, e.g.*, *Sossamon*, 131 S. Ct. at 1659-60, and to avoid overstepping Congress' authority under the Spending Clause, *see, e.g.*, *Sharp*, 669 F.3d at 153-55. But the absence of those particular concerns in this case does not justify interpreting "appropriate relief against a government" differently when individual defendants are at stake. When courts give a statute a limiting construction called for by one of the statute's applications, that construction conclusively establishes the statute's meaning, "even though other of the statute's applications, standing alone, would not support the same limitation." *Clark*, 543 U.S. at 380. "The lowest common denominator, as it were, must govern." *Id.* Here, the lowest common denominator of the phrase "appropriate relief against a government" is an interpretation that excludes damages claims. Therefore, that interpretation should apply to exclude damages claims against individual defendants as well.

Moreover, just as constitutional concerns required a limiting construction when sovereign immunity and the Spending Clause were in play, so too do constitutional concerns weigh in favor

13

of a limiting construction here. Because individual-capacity liability carries such "substantial social costs," *Anderson*, 483 U.S. at 638, and because "Congress is in a far better position than a court to evaluate the impact of a new species of litigation against those who act on the public's behalf," *Wilkie v. Robbins*, 551 U.S. 537, 562 (2007) (internal quotation marks omitted), it makes sense for courts to refrain from reading a statute as creating an individual-capacity damages claim unless Congress has clearly created one. *Cf. Stafford v. Briggs*, 444 U.S. 527, 544 (1980) (declining, in light of concerns about individual-capacity liability, to read venue statute to authorize nationwide venue for suits against individual employees). Due regard for the serious implications of creating damages claims against individual employees weighs against interpreting RFRA to create such claims.

### C. RFRA's statutory history does not suggest that Congress intended to authorize damages claims against individuals.

Nothing in Congress' stated purpose for passing RFRA suggests that Congress contemplated damages claims against individual federal employees. Congress passed RFRA in reaction to the Supreme Court's decision in *Employment Division v. Smith*, 494 U.S. 872 (1990), which held that neutral laws of general applicability do not violate the Free Exercise Clause even if they incidentally burden religious practice. 42 U.S.C. § 2000bb(a)(4). Congress intended "to restore the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 (1972)," which required governments to demonstrate a compelling interest to justify laws that incidentally burdened religious practices. 42 U.S.C. § 2000bb(b)(1); *see Sherbert*, 374 U.S. at 403-04, 406; *Yoder*, 406 U.S. at 220.

But just because Congress intended to codify a particular legal standard does not mean that Congress intended to create an individual-capacity damages action to enforce that standard. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (explaining that courts may not create

causes of action in the absence of statutory intent "no matter how desirable that might be as a policy matter, or how compatible with the statute"); *Shepard v. NLRB*, 459 U.S. 344, 351 (1983) ("Congress is free to provide a damage remedy for some violations of federal law, and not for others."). Nor can we presume that Congress understood that reinstating this legal standard somehow implicitly authorized a cause of action for damages. At the time RFRA passed, the Supreme Court "ha[d] not found an implied damages remedy under the Free Exercise Clause," and in fact "ha[d] declined to extend *Bivens* to a claim sounding in the First Amendment." *See Iqbal*, 556 U.S. at 675 (citing *Bush v. Lucas*, 462 U.S. 367 (1983)). And since RFRA, the Court has made abundantly clear that such actions are "disfavored." *See id.* Thus, interpreting RFRA to authorize claims only against the government itself, not individuals, would not frustrate its purpose.

## CONCLUSION

Plaintiffs claim damages from the personal resources of Agent Thompson and Agent Sokolowski based on a single factual allegation that they asked one Plaintiff questions about his religion on one occasion. For all the reasons stated above, these claims cannot proceed and should be dismissed.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director, Torts Branch

ANDREA W. McCARTHY
Senior Trial Counsel

/s/ *Brant S. Levine*
BRANT S. LEVINE (D.C. Bar 472970)

15

Trial Attorney
United States Department of Justice, Civil Division
Constitutional Torts Staff
P.O. Box 7146, Ben Franklin Station
Washington, D.C.  20044
Email: brant.levine@usdoj.gov
Tel:     (202) 616-4373
Fax:     (202) 616-4314

*Counsel for Defendants Robert B. Thompson and
Jeff Sokolowski in their individual capacities*

**Certificate of Service**

  I hereby certify that on September 14, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- **Gadeir I. Abbas**
  gabbas@cair.com
- **Shereef H. Akeel**
  shereef@akeelvalentine.com
- **Lena F Masri**
  lmasri@cair.com,riqbal@cair.com

  I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

- **None**

/s/ *Brant S. Levine*_____
BRANT S. LEVINE (D.C. Bar 472970)
Trial Attorney
United States Department of Justice, Civil Division
Constitutional Torts Staff
P.O. Box 7146, Ben Franklin Station
Washington, D.C.  20044
Email: brant.levine@usdoj.gov
Tel: (202) 616-4373
Fax: (202) 616-4314