UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ABDULRAHMAN CHERRI,** *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**ROBERT S. MUELLER III,** *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 2:12-cv-11656<br><br>District Judge:<br>AVERN COHN<br><br>Magistrate Judge:<br>LAURIE J. MICHAELSON |

## ANSWER OF OFFICIAL-CAPACITY DEFENDANTS

Defendants Robert S. Mueller, Director, Federal Bureau of Investigation, David V. Aguilar, Acting Commissioner, United States Customs and Border Protection, and Janet Napolitano, Secretary, United States Department of Homeland Security, submit the following Answer to plaintiff's Second Amended Complaint (Official-Capacity Defendants):

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over plaintiffs' claims, or to award the relief sought by plaintiffs.

Answering the specific numbered paragraphs of plaintiff's Second Amended Complaint, defendants state:

1. Defendants admit that Abdulrahman Cherri is a United States citizen. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

2. Defendants admit that Wissam Charafeddine is a United States citizen. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

3. Defendants admit that Ali Suleiman Ali is a United States citizen. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

4. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Defendants aver that Kheireddine Bouzid is deceased, and injunctive relief therefore cannot be sought on his behalf.

5. Admit.

6. Deny. Defendants aver that Thomas S. Winkowski, the Deputy Commissioner of U.S. Customs and Border Protection (CBP), is currently performing the duties of the Commissioner of CBP.

7. Admit.

8. This paragraph states the legal opinions and conclusions of plaintiffs, to which no answer is required. To the extent that an answer to these allegations is deemed required, the allegations are denied.

9. This paragraph states the legal opinions and conclusions of plaintiffs, to which no answer is required. To the extent that an answer to these allegations is deemed required, the allegations are denied.

10. This paragraph states the legal opinions and conclusions of plaintiffs, to which no answer is required. To the extent that an answer to these allegations is deemed required, the allegations are denied.

11. This paragraph states the legal opinions and conclusions of plaintiffs, to which no answer is required. To the extent that an answer to these allegations is deemed required, the allegations are denied.

12. Admit that Mr. Cherri entered the United States on March 2, 2010 at the Port of Detroit. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

13. Admit that on March 2, 2010 Mr. Cherri was referred for a secondary inspection lasting at least five hours. Deny the remaining allegations contained in this paragraph.

14. Admit that Mr. Cherri entered the United States from Canada at a land port of entry in Michigan on at least four occasions following March 2, 2010. Admit that on two occasions, Mr. Cherri was referred for a secondary inspection that lasted at least two hours. Admit that on two other occasions, Mr. Cherri was referred for a secondary inspection that lasted at least four hours. Deny the remaining allegations contained in this paragraph.

15. Deny.

16. Deny.

17-19. The allegations contained in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. These paragraphs relate to plaintiffs' cause of action against individual-capacity defendants, which have been bifurcated from plaintiffs' claims against official-capacity defendants and stayed. *See* Order of Bifurcation (June 11, 2013), Doc. 45; Order Staying Individual-Capacity Claims (June 19, 2013), Doc. No. 48).

20. Deny.

21. The allegations contained in this paragraph pertaining to Defendants Thompson and Sokolowski do not set forth a claim for relief or aver facts in support of a claim to which an answer is required; these allegations relate to plaintiffs' cause of action against individual-capacity defendants, which have been bifurcated from plaintiffs' claims against official-capacity defendants and stayed. *See* Order of Bifurcation (June 11, 2013), Doc. 45; Order Staying Individual-Capacity Claims (June 19, 2013), Doc. No. 48). Object that the allegations contained in this paragraph assume the truth of plaintiffs' other allegations, and therefore do not require a response. To the extent a response is required, deny.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

23. Admit that Mr. Charafeddine arrived at the Port of Port Huron on November 18, 2008. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

24. Admit that on November 18, 2008, Mr. Charafeddine was referred for a secondary inspection lasting at least four hours at the Port of Port Huron. Deny the remaining allegations contained in this paragraph.

25. Admit that Mr. Charafeddine has entered the United States from Canada at a land port of entry on at least five occasions following November 18, 2008. Deny the remaining allegations contained in this paragraph.

26. Admit that Mr. Charafeddine has entered the United States from Canada at a land port of entry on at least five occasions following November 18, 2008. Admit that on at least one occasion, Mr. Charafeddine was placed in handcuffs. Admit that on two occasions, Mr. Charafeddine was referred to a secondary inspection that lasted at least one hour. Admit that on three separate occasions, Mr. Charafeddine was referred for a secondary inspection that lasted at least three hours. Deny the remaining allegations contained in this paragraph.

27. Deny.

28. Deny.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

30. Object that the allegations contained in this paragraph assume the truth of plaintiffs' other allegations, and therefore do not require a response. To the extent a response is required, deny.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

32.     Admit that Mr. Ali has entered the United States at more than one port of entry, including along the border between the United States and Canada. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

33.     Admit that Mr. Ali has entered the United States from Canada at a land port of entry on at least eight occasions on or after May 15, 2009. Admit that Mr. Ali has been referred for a secondary inspection on at least six occasions. Admit that on three occasions, the secondary inspections lasted less than one hour. Admit that on one occasion, the secondary inspection lasted approximately two hours. Admit that on two other occasions, the secondary inspections lasted approximately three hours. Deny the remaining allegations contained in this paragraph.

34.     Deny.

35.     Object that the allegations contained in this paragraph assume the truth of plaintiffs' other allegations, and therefore do not require a response. To the extent a response is required, deny.

36-42.     The allegations contained in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Defendants aver that Kheireddine Bouzid is deceased, and injunctive relief therefore cannot be sought on his behalf.

43.     Defendants aver that, unless exempt by certain protected statuses including diplomatic status, all persons entering the United States,

including U.S. citizens, are subject to examination and search by CBP officers. Deny the remaining allegations contained in this paragraph.

44. Defendants aver that CBP officers may conduct secondary inspections of any individual who presents himself at a port of entry in the United States, which may include questioning of the individual and a search of the individual, the individual's possessions, and the individual's vehicle. Deny the remaining allegations contained in this paragraph.

45. Aver that FBI agents may sometimes participate in the questioning of travelers at ports of entry. Deny the remaining allegations contained in this paragraph.

46. Deny.

47. Deny that defendants have implemented a policy or encouraged, permitted, or tolerated a course of conduct or pattern of practice of asking questions about religious beliefs or religious practices targeted specifically at Muslim American travelers. Admit that travelers at ports of entry may be asked a variety of questions touching upon a broad range of topics including, when relevant, topics related to travelers' religious beliefs and practices. Deny the remaining allegations contained in this paragraph.

48. Admit that travelers at ports of entry may be asked a variety of questions touching upon a broad range of topics including, when relevant, topics related to travelers' religious beliefs and practices. Deny the remaining allegations contained in this paragraph.

49. Deny.

50. Deny.

51. The allegations contained in this paragraph relate to and characterize a memorandum drafted by a Senior Advisor for the DHS Office of Civil Rights and Civil Liberties, which is attached as Exhibit 1 to plaintiffs' Second Amended Complaint. The document speaks for itself, and the Court is referred to it for a full and accurate statement of its contents.

52. Admit that defendants received complaints from travelers alleging questioning concerning Islamic beliefs and practices. The remaining allegations contained in this paragraph constitute a characterization of those complaints, to which no response is required. To the extent a response is required, deny.

53. Admit that the Council on American-Islamic Relations, Michigan filed a complaint dated March 24, 2011 with the Department of Homeland Security Office of Civil Rights and Civil Liberties. The remaining allegations contained in this paragraph constitute a characterization of that complaint, to which no response is required. To the extent a response is required, deny.

54. The allegations contained in this paragraph relate to and characterize a letter drafted by the DHS Office of Civil Rights and Civil Liberties, which is attached as Exhibit 2 to the Second Amended Complaint. The document speaks for itself, and the Court is referred to it for a full and accurate statement of its contents.

55. The allegations contained in this paragraph relate to and characterize a document attached as Exhibit 2 to the Second Amended

Complaint. The document speaks for itself, and the Court is referred to it for a full and accurate statement of its contents.

56. The allegations contained in this paragraph relate to and characterize a memorandum drafted by the DHS Office of Civil Rights and Civil Liberties, which is attached as Exhibit 3 to the Second Amended Complaint. The document speaks for itself, and the Court is referred to it for a full and accurate statement of its contents.

57. The allegations contained in this paragraph relate to and characterize a letter drafted by the DHS Office of Civil Rights and Civil Liberties, which is attached as Exhibit 2 to the Second Amended Complaint. The document speaks for itself, and the Court is referred to it for a full and accurate statement of its contents.

58. The allegations contained in this paragraph relate to and characterize a memorandum drafted by the DHS Office of Civil Rights and Civil Liberties, which is attached as Exhibit 3 to the Second Amended Complaint. The document speaks for itself, and the Court is referred to it for a full and accurate statement of its contents.

59. Deny.

60. Defendants incorporate by reference their above answers to paragraphs 1-59.

61. Deny.

62. The paragraph states the legal opinions and conclusion of plaintiffs, to which no answer is required; to the extent that an answer is deemed required, defendants deny the allegations of this paragraph.

63. The paragraph states the legal opinions and conclusion of plaintiffs, to which no answer is required; to the extent that an answer is deemed required, defendants deny the allegations of this paragraph.

64. The paragraph states the legal opinions and conclusion of plaintiffs, to which no answer is required; to the extent that an answer is deemed required, defendants deny the allegations of this paragraph.

65. The paragraph states the legal opinions and conclusion of plaintiffs, to which no answer is required; to the extent that an answer is deemed required, defendants deny the allegations of this paragraph.

66. The paragraph states the legal opinions and conclusion of plaintiffs, to which no answer is required; to the extent that an answer is deemed required, defendants deny the allegations of this paragraph.

67. The paragraph states the legal opinions and conclusion of plaintiffs, to which no answer is required; to the extent that an answer is deemed required, defendants deny the allegations of this paragraph.

The remaining Paragraphs of the Complaint contain a Prayer for Relief, to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the remainder of the Complaint and further aver that Plaintiffs are not entitled to the requested relief or any other relief from Defendants.

Defendants deny any and all allegations in the Complaint not expressly admitted herein to which a response is deemed required.

Date: July 25, 2013					Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

BARBARA L. McQUADE
United States Attorney

DIANE KELLEHER
Assistant Branch Director

*/s/ Patrick G. Nemeroff*
PATRICK G. NEMEROFF (CA Bar)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Email:  patrick.g.nemeroff@usdoj.gov
Tel:   (202) 305-8727
Fax:   (202) 616-8470

*Counsel for Official-Capacity Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- **Gadeir I. Abbas  gabbas@cair.com**
- **Shereef H. Akeel  shereef@akeelvalentine.com**
- **Lena F Masri  riqbal@cair.com, lmasri@cair.com**
- **Jennifer E. Nimer  jnimer@cair.com**

I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

- **None**

                                       */s/ Patrick G. Nemeroff*
                                       PATRICK G. NEMEROFF