UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ABDULRAHMAN CHERRI**, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> **ROBERT S. MUELLER III**, *et al.*, <br><br>  Defendants. | No. 2:12-cv-11656-AC-LJM <br><br> District Judge: <br> AVERN COHN <br><br> Magistrate Judge: <br> LAURIE J. MICHAELSON |

## Discovery Plan for Claims Against the Official-Capacity Defendants

The plaintiffs and the official-capacity defendants (the "parties")
provide the following discovery plan in accordance with Federal Rule of
Civil Procedure 26(f)(3).

1. **Schedule**. In accordance with Rule 26(f)(3)(A) and (B), the parties
propose the following schedule:

 a. *Initial Disclosures*: The parties must serve initial disclosures on
or before October 25, 2013.

 b. *Amendments*: The parties may not amend the complaints
(whether the official-capacity or the individual-capacity

complaint) or add any new parties (whether in their official or individual capacity) after December 20, 2013.

c. *Depositions*: The parties may not take depositions before January 6, 2013.

d. *Written Discovery*: The parties may not serve written fact discovery after February 14, 2014.

e. *Close of Fact Discovery*: The parties must complete fact discovery by April 25, 2014.

f. *Plaintiffs' Expert Disclosures*: The plaintiffs must designate their trial experts and disclose the information contemplated by Rule 26(a)(2) by May 2, 2014.

g. *Official-Capacity Defendants' Expert Disclosures*: The official-capacity defendants must designate their trial experts and disclose the information contemplated by Rule 26(a)(2) by June 6, 2014.

h. *Close of Expert Discovery*: The parties must complete expert discovery by July 7, 2014.

i. *Dispositive Motions*: Any dispositive motions are due by August 22, 2014. Any opposition briefs are due by September 12, 2014. Any reply briefs are due by September 26, 2014.

j. *Trial*: The parties must submit a proposed trial schedule after the close of all discovery and the resolution of all dispositive motions.

2. **Electronically Stored Information**. In accordance with Rule 26(f)(3)(D), the parties propose to meet and confer about any disputes that arise regarding discovery of any electronically stored information.

3. **Privilege & Protection**. In accordance with Rule 26(f)(3)(D), the parties anticipate that the official-capacity defendants may claim privilege or protection over materials plaintiffs seek in discovery, including, but not limited to, attorney-client privilege, deliberative-process privilege, the law-enforcement privilege, and the work-product doctrine. If the parties disagree about a claim of privilege or protection, they will meet and confer to try to resolve the dispute. Only if the meet and confer does not resolve the dispute will the parties seek resolution from the Court.

4. **Inadvertent Production/Clawback Agreement**. To the extent material subject to a claim of privilege or protection is inadvertently produced during discovery, the parties propose the following procedure for asserting privilege or protection over information after it has been produced:

    a. *Duty To Notify*: The receiving party must notify the producing party if it receives information that appears on its face to be privileged or protected, and the receiving party may not refer to, quote, cite, rely upon, or otherwise use the information until the producing party has had an opportunity to object to the use of such information.

    b. *Right To Assert Privilege or Protection*: The producing party may assert a claim of privilege or protection within thirty days of receiving notice that purportedly privileged or protected information was produced to the receiving party.

    c. *Duty To Return or Destroy*: After the producing party asserts a claim of privilege or protection, the receiving party must promptly return or destroy the specified information, any copies, and the portions of any notes or records containing the

information. The receiving party also must not use or disclose the information until the claim is resolved. And the receiving party must take reasonable steps to retrieve the information if it disclosed the information before being notified of the claim of privilege or protection.

d. *Meet and Confer*: If the receiving party disagrees with a claim of privilege or protection, the parties must promptly meet and confer to try to resolve the claim.

e. *Judicial Determination*: If the parties cannot resolve the claim at the meet and confer, the receiving party may promptly present the information to the Court under seal for a determination of the claim, in accordance with Rule 26(b)(5)(B) and Local Rule 5.3. The producing party must preserve the information until the claim is resolved.

f. *No Waiver*: Disclosure of any information or documents that the producing party later claims should not have been disclosed because of any privilege will not be deemed to constitute a waiver of the privilege.

Discovery Plan – No. 2:12-cv-11656-AC-LJM

5. **Limitations**. In accordance with Rule 26(f)(3)(E), the parties do not propose any changes to the limitations imposed on discovery by the Federal Rules of Civil Procedure or by local rule.

6. **Other Orders**. In accordance with Rule 26(f)(3)(F), the parties propose that this Court issue a scheduling order under Rule 16(b)(1) that matches the schedule proposed above, in paragraph 1 and a protective order under Rule 26(c) that includes the clawback agreement proposed above, in paragraph 4. The parties do not, at this time, propose that this Court issue any other orders under Rule 16(b) and (c) or under Rule 26(c), though they may seek additional orders as discovery proceeds.


Dated: September 16, 2013          Respectfully submitted,

AKEEL & VALENTINE, PLLC          STUART F. DELERY
                                 Assistant Attorney General
*/s/ Shereef Akeel*
SHEREEF H. AKEEL (P54345)        BARBARA L. MCQUADE
SYED H. AKBAR (P67967)           United States Attorney
Attorneys for Plaintiffs
888 W. Big Beaver Rd., Ste. 910  DIANE KELLEHER
Troy, MI 48084                   Assistant Branch Director,
Phone: (248) 269-9595            Federal Programs Branch
shereef@akeelvalentine.com
                                 */s/ Jonathan G. Cooper*
                                 JONATHAN G. COOPER

COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, MICHIGAN

*/s/ Lena Masri*
LENA F. MASRI (P73461)
Attorney for Plaintiffs
21700 Northwestern Hwy, Ste. 815
Southfield, MI 48075
Phone: (248) 559-2247
lmasri@cair.com

COUNCIL ON AMERICAN-ISLAMIC
RELATIONS

*/s/ Gadeir Abbas*
GADEIR I. ABBAS (VA #: 81161)
Attorney for Plaintiffs
453 New Jersey Avenue, SE
Washington, DC 20003
Phone: (202) 742-6410
*licensed in Virgina; not in DC –
practice limited to federal matters
gabbas@cair.com

COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, OHIO

*/s/ Jennifer Nimer*
JENNIFER NIMER (OH #: 0079475)
Attorney for Plaintiffs
1505 Bethel Road, Ste. 200
Columbus, OH 43220
Phone: (614) 783-7953
jnimer@cair.com

D.C. Bar. No. 999764
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
20 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 305-7697
Fax: (202) 616-8470
jonathan.g.cooper@usdoj.gov

*Counsel for Official-Capacity
Defendants*

- 7 -