UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULRAHMAN CHERRI, *et al.*,

      Plaintiffs,

  v.

JAMES B. COMEY, JR., *et al.*,

      Defendants.

No. 2:12-cv-11656

District Judge:
AVERN COHN

Magistrate Judge:
UNA

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL DISCOVERY
<u>AND DEFENDANTS' CROSS-MOTION FOR A PROTECTIVE ORDER</u>**

**Exhibit A
Declaration of Derek N. Benner**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABDULRAHMAN CHERRI, et al., | ) |
| | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) Civil number: 2:12-cv-11656 |
| | ) |
| ROBERT S. MULLER, III, Director, Federal Bureau of Investigation, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF DEREK N. BENNER

I, Derek Benner, state as follows:

1.        I am the Deputy Executive Associate Director, Homeland Security

Investigations (HSI) for U.S. Immigration and Customs Enforcement (ICE), a bureau in the

Department of Homeland Security.  As the Deputy Executive Associate Director, I am the

second-highest ranking official within ICE HSI.

2.        Following the enactment of the Homeland Security Act of 2002, ICE was

created from elements of several legacy agencies, including the criminal investigations staffs of

the former U.S. Customs Service (USCS) and the former Immigration and Naturalization Service

(INS).  As a result, all Special Agents who formerly worked for the USCS and the INS became a

part of ICE.  ICE is the second largest investigative agency in the Federal Government. HSI has

more than 9,067 employees, including over 6,500 Special Agents assigned to twenty-six (26)

Special Agent-in-Charge offices in major cities and 178 other field offices and Headquarters.



Additionally, HSI deploys Special Agents to 67 offices and 8 Department of Defense Liaisons in 46 countries, who conduct multi-faceted, international law enforcement operations and partnering with foreign and domestic counterparts to combat criminal organizations and prevent terrorist activities that threaten our national security. Special Agents have a wide array of responsibilities relating to the investigation of criminal activity, which in addition to investigating violations of the country's immigration laws, includes the investigation of contraband and merchandise smuggling, fraud in both import and export transactions, criminal finance and money laundering, alien smuggling and human trafficking, cybercrimes, and infringements upon intellectual property rights. ICE's mission is to uphold public safety and protect the United States from terrorist attacks by investigating and interdicting the people, money, and materials that support terrorist and criminal activity. ICE has important roles in securing the nation's borders, and in ensuring economic, transportation, and infrastructure security.

3.         As the Deputy Executive Associate Director, HSI, I oversee and supervise ICE investigative and enforcement activities, nationally and internationally, at Headquarters and at 26 Special Agent in Charge offices throughout the United States. I manage a mission that has responsibility for investigating a range of issues relating to the enforcement of both import and export transactions, criminal finance, smuggling, fraud, alien trafficking, false and fraudulent entry documents, cybercrimes, intellectual property rights, et al. I also supervise the ICE mission involving the enforcement of over 400 laws, in addition to the customs and immigration laws, on behalf of more than 40 federal agencies, including laws relating to transportation in interstate or foreign commerce, and the possession of material containing child pornography. To accomplish the ICE mission, more than 5700 Special Agents conduct investigations of alleged violations of customs and immigration laws and other laws enforced by ICE. This requires using a variety of

2

techniques and methods, including the use of confidential informants, as well as differing styles of investigations, including undercover operations.  It also entails the arrest and detention of persons, the appropriate use of force, and the exercise of search and seizure authority.

4.          I submit this declaration to explain ICE's assertions of privilege over certain information contained in a document that ICE identified as responsive to plaintiffs' discovery requests.  The redacted version of that document that was produced to plaintiffs, which says "Sample Questionnaire" at the top and is labeled at the bottom as ICE000001—ICE000005, is attached hereto as Exhibit A.  ICE determined that the portions of the document that were relevant to plaintiffs' discovery requests could be disclosed, however, ICE also determined that the remainder of the document could not be disclosed, and it was therefore redacted, because it is privileged.  Based upon my personal review of the documents described above, I am formally asserting the law enforcement privilege over the redacted information.  In support of this assertion I make the following statements.

5. The Sample Questionnaire is designed to provide guidance to special agents who are called upon to conduct a certain type of investigatory interview of persons.  Although ICE expects that its interviewing agents will use their own knowledge and experience to formulate questions throughout the course of the interview in addition to or that are different from those listed in the questionnaire, the Sample Questionnaire nonetheless provides a roadmap about the types of information that is of interest to ICE and the types of questions used to obtain that information. For these reasons, the questionnaire is restricted as "official use only" and is "law enforcement sensitive."  Despite the restricted use and dissemination of this document, however, ICE determined that discrete parts of the Sample Questionnaire that relate to plaintiffs' discovery requests about religious questioning could be disclosed without compromising the sensitive nature

of the document. Thus, in order to protect the integrity of the entire document, ICE disclosed to plaintiffs' the relevant questions and redacted the remainder.

6. The disclosure of the remainder of the Sample Questionnaire risks significant harm to ICE's ongoing law enforcement efforts because it would reveal the totality of the specific interview guidance and techniques provided to ICE special agents to conduct certain types of interviews. The disclosure of this information would allow individuals to anticipate the questions that ICE special agents might ask in these types of interviews, and to prepare answers intended to mislead or otherwise manipulate ICE special agents. Although an individual who is interviewed by an ICE special agent that uses these interview techniques might remember certain questions asked, disclosure of the entire document verbatim would leave no doubt about the types of information sought and the types of questions that will be asked during the investigation. Thus, disclosure of this information not only risks undermining ICE's use of the Sample Questionnaire as a law enforcement technique, but also risks compromising ICE investigations in which the questionnaire is used. Additionally, disclosure of the entire Sample Questionnaire also tends to reveal the purpose and investigative reasons for the interviews in which the Questionnaire was used. For example, if an ICE special agent uses these interview techniques in one interview but not in another, then those individuals may be able to determine the different types of investigations conducted by ICE if the Sample Questionnaire became public. Information that reveals the precise nature of an ICE investigation risks undermining that investigation because, once aware of the purpose of an investigation, the target of the investigation or individuals associated with the investigation (*e.g.*, an associate of the target or a person with information relevant to the investigation) could then take steps to thwart the investigation by altering their behavior or otherwise taking steps to conceal or undermine the investigation. For these reasons, I



have assessed that disclosure of the remainder of the Sample Questionnaire risks compromising

an investigative technique currently used by ICE, which in turn risks compromising past, current,

and future ICE investigations.  Therefore, I have determined that the redacted information is

properly protected by the law enforcement privilege.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and

correct.

Executed this __28th__ day of April 2015.

Derek N. Benner
Deputy Executive Associate Director, Homeland Security Investigations
U.S. Immigration and Customs Enforcement

# Exhibit A



## SAMPLE QUESTIONNAIRE

**Religious Beliefs and Associates:**

What is your religion/faith?
To what denomination/sect do you belong?
Do you practice your faith at a house of worship?
What house of worship do you attend?

ICE000001

2

What is your priest/minister/imam/rabbi's name?
Have you participated in any formal religious training or schooling?
Is there a religious school in your area?
Have you attended any religious schools?
What are the names of your friends in your town/village?
Have any of them attended any religious schools?
Have any of your brothers/sisters attended any religious schools?
What do they do for a living?



Do you have any relatives or friends who have been martyred fighting in the
defense of your beliefs?
Do you know or have you heard of anyone, in your town/village who has been
martyred in defense of your beliefs?
What is/are the name(s) of the martyr(s)?
When did they become martyrs?
Where did they become martyrs?

3



ICE000003

4

Do you plan to visit any church, mosque, temple, conference, or event while in
the United States?

5



ICE000005