UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Abdulrahman Cherri, et al., | |
| Plaintiffs, | Civil Action No. 2:12-cv-11656 |
| v. | Hon. Denise Page Hood |
| Christopher A. Wray, et al., | |
| Defendants. | |

NOTICE OF SUPPLEMENTAL AUTHORITY

In *El Ali v. Barr*, 18-cv-02415 (D. Md. July 20, 2020) (Exhibit A), the District Court of Maryland denied a motion to dismiss in a significant challenge to the Terrorism Screening Database, also known as the terrorist watchlist. Among the challenges to the complaint the Court rejected were (a) that the claimants lacked standing because they did not have future travel plans, *id.* at 48-49, (b) that the plaintiffs did not state an Equal Protection claim, *id.* at 42-47. and (c) that the plaintiffs did not state a claim under the Religious Freedom Restoration Act based on intrusive religious questioning, *id.* at 59-60.

1

As part of its equal protection analysis, the Court noted that "Some Plaintiffs contend, for instance, that their answers regarding religious and cultural practices is what landed them in the TSDB and on the respective Watchlists." *Id.* at 44 (citation omitted). The Court explained that "[p]robing interrogations about travel to Muslim-majority countries, religious pilgrimages, learning Arabic, attending mosques, affiliations with Muslim organizations, religious donations, and associations with other Muslims, provide further factual basis to infer plausibly that placement on the list was tied directly, and perhaps solely, to Plaintiffs' race, alienage, religion, and national origin." *Id.*

In refusing to dismiss the RFRA claims regarding intrusive religious questioning, the Court held that "Defendants' [alleged] singling out of Plaintiffs and their persistent inquiry into Plaintiffs' religious beliefs and practices places pressure on Plaintiffs to modify or violate those beliefs or risk being subjected to the pattern of detentions and interrogations in connection with their travel." *Id.* at 60 (citation omitted). And because according to the Complaint, "the questioning has punitive consequences because the "details of Plaintiffs' adherence to the Muslim faith" is the reason they end up on the Watchlists," "all of the attendant harms that flow from Watchlist placement imposes a substantial burden on their free exercise of religion." *Id.* (citations omitted). As

2

a result, the Court declined to dismiss the claims of 15 plaintiffs who adequately alleged intrusive religious questioning at the border. *Id.* at 60 n.23.[1]

Plaintiffs respectfully suggest that the Court's opinion in *El Ali* will substantially assist the Court in deciding the pending cross motions for summary judgment.

December 3, 2020

BY: /s/ Lena Masri

Lena F. Masri (MI # P73461)
lmasri@cair.com
Gadeir I. Abbas (VA # 81161)*
gabbas@cair.com
Justin Sadowsky (DC # 977642)
jsadowsky@cair.com

453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 488-8787

AKEEL & VALENTINE, PLLC

SHEREEF H. AKEEL (P54345)
shereef@akeelvalentine.com

888 W. Big Beaver Rd., Ste. 910
Troy, MI 48084
Phone: (248) 269-9595

*Licensed in VA, not in D.C.*
*Practice limited to federal matters*
*Attorneys for Plaintiffs*

---

[1] Plaintiffs here brought a RFRA claim, but that claim was dismissed by the Court.

3