# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ABDULRAHMAN CHERRI, *et al.*,

    Plaintiffs,

v.

CHRISTOPHER A. WRAY, *et al.*,[1]

    Defendants.

Civil Action No. 2:12-cv-11656
The Honorable Denise Page Hood

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Government respectfully notifies the Court that, on March 30, 2021, the U.S. Court of Appeals for the Fourth Circuit reversed a decision upon which Plaintiffs rely in their combined reply in support of their motion for summary judgment and opposition to the Government's motion for summary judgment. *See Elhady v. Kable*, No. 20-1119, --- F.3d ----, 2021 WL 1181270 (4th Cir. Mar. 30, 2021) (Exhibit A).

The Fourth Circuit's opinion supports a conclusion that the broad remedies Plaintiffs seek here—declaratory and injunctive relief governing the activities of multiple law enforcement agencies at the U.S. border—are inappropriate given evidence demonstrating, at most, isolated incidents of questioning about three individuals'

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Alejandro Mayorkas, in his official capacity as U.S. Secretary of Homeland Security, and Troy Miller, in his official capacity as Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, are automatically substituted as defendants.

religious practices or beliefs during border crossings. *See* Defs.' Opp'n to Pls.' Mot. for Summ. J and Cross-Mot. for Summ. J. 5, 20–25 (Defs.' Mot.), ECF No. 120-1. As the *Elhady* court explained: "[T]he Supreme Court has recognized that facial challenges will often present, as here, a plethora of differing individual circumstances, and that adopting the most extreme allegations for a holding of facial invalidity would encourage facial attacks on all manner of programs and initiatives with all of their attendant anti-democratic consequences." *See* 2021 WL 1181270, at *5. That court went on to note that it was "simply not permitted by the Supreme Court to give dispositive weight to outlier experiences." *Id.* Although *Elhady* concerned Due Process Clause challenges to those plaintiffs' alleged inclusion on the Terrorist Screening Database, as opposed to the Equal Protection Clause claims at issue here,[2] the same reasoning applies, and the same result is required: rejection of Plaintiffs' suit.

Dated: April 9, 2021

                                     Respectfully submitted,

                                     BRIAN M. BOYNTON
                                     Acting Assistant Attorney General

                                     SAIMA SHAFIQ MOHSIN
                                     Acting United States Attorney

                                     BRIGHAM J. BOWEN
                                     Assistant Director, Federal Programs Branch

---

[2] As the Government previously pointed out, the *Elhady* district court dismissed Equal Protection Clause challenges similar to those at issue here for failure to state a claim. *See* Defs.' Reply 11–12, ECF No. 130 (citing *Elhady v. Piehota*, 303 F. Supp. 453, 467 (E.D. Va. 2017)).

3

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (D.C. Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
Email: Leslie.Vigen@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (D.C. Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
Email: Leslie.Vigen@usdoj.gov